IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN CRUZ, ) | |
| ) | |
|     Plaintiff ) | CASE NO. 12-cv-06088 (LDW) (ARL) |
| ) | |
| v. ) | |
| ) | |
| HSBC BANK USA, N.A., ) | |
| ) | |
|     Defendant ) | |

**NOTICE OF SUPPLEMENTAL AUTHORITY TO
THE OPPOSITION OF PLAINTIFF JOHN CRUZ TO DEFENDANT'S MOTION TO
DISMISS THE FIRST AMENDED COMPLAINT**

    Plaintiff John Cruz, through his undersigned counsel, hereby submits to this Honorable Court the accompanying supplemental authority supporting the Defendant's Motion to Dismiss the First Amended Complaint (Doc. 10) and the Opposition of Plaintiff John Cruz to that motion of the Defendant (Doc. 10-2).

    The supplemental authority is the Order of District Judge John Gleeson, approving the Deferred Prosecution involving the instant Defendant, this being HSBC Bank USA, N.A., in a related criminal case *United States v. HSBC Bank USA, N.A*., No. 1:12-cr-763 (E.D.N.Y.), Doc. No. 23, issued July 1, 2013.

    The language in this Order is pertinent to Plaintiff's Opposition to Defendant's Motion to Dismiss, specifically the following language found on page 20 (emphasis in original):

> In addition to remedial measures, the DPA also requires HSBC to forfeit $1.256 *billion* and to admit to criminal wrongdoing, as set forth in the Statement of Facts. *Id*. ¶¶ 1-2, 7; *see also* Statement of Facts. Considered together, the DPA imposes upon HSBC significant, and in some respect extraordinary, measures. Indeed,

>taking into account the fact that a company cannot be imprisoned, it appears to me
>that much of what might have been accomplished by a criminal conviction has
>been agreed to in the DPA. In any event, in light of the broad deference owed by
>the Court to the prosecutor's actions, I approve without hesitation both the DPA
>and the manner in which it has been implemented thus far.

This language supports the Plaintiff's argument in Part III.C.1 of his Opposition, "The Seven-Year Statute of Limitations Applies to Count Five," found on pages 14-17 of his Opposition.

    Respectfully Submitted,

    /s/Andrew Grosso

    Andrew Grosso, Esq.
    ANDREW GROSSO & ASSOCIATES
    GEORGETOWN PLACE
    1101 THIRTIETH STREET, NW, SUITE 300
    WASHINGTON, D.C. 20007
    (202) 298-6500 Tel.
    (202) 298-5599 Fax
    Agrosso@acm.org Email

    Nicholas J. Damadeo
    NICHOLAS J. DAMADEO, P.C.
    ATTORNEYS FOR PLAINTIFF
    27 WEST NECK ROAD
    HUNTINGTON, NY 11743
    (631) 271-7400 Tel.
    (631) 271-7411 Fax
    Nick@damadeolaw.com Email

    *Counsel for Plaintiff John Cruz*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 3rd day of September 2013, I transmitted through the Court's Electronic Filing system the foregoing by Federal Express to all counsel of record.

                                              /s/ Andrew Grosso
                                              Andrew Grosso